## Chicago Shortening Corp. v. ACME Hardesty Co., Inc.

*Charles K. Plofnick,* for plaintiff.
*Harris F. Goldich,* for defendant.
*John P. Gregg* and *Scott D. Patterson,* for additional defendants.

MOSS, *J.,* May 14, 1980—This matter is brought before us on the preliminary objections of one of the additional defendants to defendant's complaint against it. The question is whether the joinder of such additional defendant was permissible under the Pennsylvania Rules of Civil Procedure.

Plaintiff's complaint against defendant states a simple claim for goods sold and delivered, to wit, plaintiff's edible tallow shortening weighing approximately 37,900 pounds contained in one "ruptured tank car," as specified in the confirmation by Gary Paul Vogt & Co., the broker, of the sale. Defendant in its answer avers that the broker, acting as agent for plaintiff, represented that the shortening was usable whereas it was an "inedible" grade of shortening, perhaps because the tank car had a cracked lining and that the broker represented that the contents could be unloaded, whereas the fact was that the tank car shell was ruptured, incapable of being unloaded and the contents were utterly valueless.

Defendant filed a complaint against three additional defendants, including (in Count III) Illinois Central Gulf Railroad Co. Defendant alleged that the railroad negligently caused the tank car to rup-

ture, so that as a result, upon delivery, the tank car leaked and the goods were rendered wholly unfit and useless. Defendant alleges that the railroad is either solely liable to plaintiff or liable over to defendant by way of contribution or indemnity. The railroad has filed preliminary objections to the complaint against it.

Pa.R.C.P. 2252(a) empowers a defendant to "join as an additional defendant any person . . . who may be alone liable or liable over to [the joining party] on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining* party on any *cause of action which he may have against the joined party* arising out of the transaction or occurrence or series of transactions and occurrences upon which the plaintiff's cause of action is based." (Emphasized words added by amendment of rule in 1969.)

Pa.R.C.P. 2252 as originally promulgated did not contain the words emphasized in the above quotation. In its original form the rule was construed so as to preclude "the joinder of a person liable upon a tort claim by defendant in an assumpsit action." 4A Anderson, Pa. Civ. Prac. §2252.16. "Illustrative of the foregoing, it has been held that—a buyer sued for the purchase of goods cannot join as an additional defendant a carrier whose negligence had caused injury to part of the goods." Anderson, op. cit., §2252.16, citing Lugbill Bros., Inc. v. Braunstein, 54 Lack. Jur. 47 (1953).

In the supplemental material Anderson, op. cit., §2252.16 states: "It would appear, however, that by virtue of the Amendment of 1969 the limitation discussed in this section is no longer valid if the claim asserted against the additional defendant is

one on which he is directly liable to the joining party and the claim arises out of the same transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In the instant case, plaintiff's claim is in assumpsit for goods sold and delivered. Defendant has alleged no facts which would make additional defendant railroad liable to plaintiff. Thus the only remaining question is whether defendant (D-1) has alleged facts which would make the additional defendant (D-2) liable on a cause of action which D-1 has against D-2 *arising out of the transaction or occurrence upon which the plaintiff's cause of action is based.* Plaintiff's cause of action is purely a claim of a seller of personal property against a buyer D-1 for the purchase price of goods contained in a ruptured tank car. Defendant's complaint against the railroad company (D-2) is dependent upon allegations of negligence by D-2 which transpired before D-1 had any relationship, contractual or otherwise with plaintiff or D-2. There is nothing in Rule 2252(a) which empowers a defendant to join an additional defendant who under the pleadings is not shown to have had any liability, direct or indirect, or liability over to the defendant.

In summation: defendant's contract with plaintiff was a contract of sale of certain goods or merchandise already damaged. The additional defendant had nothing whatever to do with the contract or anything transpiring thereafter. The fact that the additional defendant's alleged negligence caused the damage to the goods is utterly irrelevant to the cause of action stated by the plaintiff and such irrelevant material should not be permitted to be injected into this otherwise uncomplicated action.

## ORDER

And now, May 14, 1980, the preliminary objection of additional defendant, Illinois Central Gulf Railroad Co., to the complaint is sustained.